UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00299

**Michael Wilcox,**
*Plaintiff,*
v.
**W.K.S. Frosty Corporation,**
*Defendant.*

**ORDER**

Plaintiff brought this action against defendant for alleged violations of the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and the Texas Labor Code. Doc. 6. The case was referred to a magistrate judge. Doc. 5. Defendant then moved to dismiss for failure to state a claim. Doc. 12. The magistrate judge issued a report recommending that defendant's motion be granted but that plaintiff be granted leave to file an amended complaint. Doc. 17 at 11. Plaintiff filed written objections to the report. Doc. 19.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face

of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

### I. Background

Plaintiff alleges that he hurt his lower back while installing heat lamps. Doc. 6 at 3. Plaintiff informed his supervisors of this injury but did not seek treatment until January 2024—three months later. *Id.* Later, plaintiff's supervisor asked plaintiff to perform another heat-lamp job. *Id.* When plaintiff informed his supervisor that he would need help on the job due to his back injury, the supervisor allegedly rescinded the work order. *Id.* At some point, plaintiff's supervisor also told plaintiff that he should take FMLA leave and that he was being demoted to "PM tech." *Id.* at 4.

Plaintiff then initiated a worker's-compensation claim. *Id.* That claim was ultimately denied as untimely and deemed related to a preexisting injury. *Id.* On July 25, 2024, plaintiff's supervisor told plaintiff to return his work van and company credit cards. *Id.* After returning the van, plaintiff received a call from an HR representative. *Id.* The representative told plaintiff that he had been put on FMLA leave back in May of 2024. *Id.* The representative also asked if plaintiff had any work restrictions. *Id.* Plaintiff asserted restrictions against lifting, stooping, and driving for more than 30 minutes. *Id.* The representative allegedly told plaintiff that defendant could not accommodate these restrictions. *Id.* at 4–5. Plaintiff also requested a non-driving job. *Id.* at 5. The representative allegedly said that she would look into that but never contacted plaintiff about returning to work. *Id.*

### II. Legal standards

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court will accept all alleged facts as true, even if doubtful, but those facts must establish a right to relief that rises "above the speculative level." *Id.* at 555.

### III. Analysis

#### A. Discrimination claim

Plaintiff objects that the magistrate judge erred in finding that plaintiff failed to allege a qualified disability. Doc. 19 at 2. Plaintiff misreads the report. The magistrate found that plaintiff adequately pleaded that he has a disability. Doc. 17 at 6. However, the magistrate judge nonetheless found that plaintiff failed to plead an ADA discrimination claim because plaintiff did not adequately allege that he was qualified for his job despite his disability or that he could have performed essential job functions with reasonable accommodations. *Id.* at 6–7.

Plaintiff did not specifically object to those findings, and the court finds no clear error in them. As such, the court accepts the magistrate judge's findings at to the ADA discrimination claim.

#### B. Failure-to-accommodate claim

The magistrate judge also found that plaintiff failed to adequately plead a failure-to-accommodate claim. *Id.* at 8. Specifically, the magistrate judge found that plaintiff did not allege facts showing that he was qualified to perform essential job functions despite his disability or that he could have performed those functions with a reasonable accommodation. *Id.* Plaintiff objects that (1) he alleged that defendant failed to engage in an interactive process or identify any available alternative position, (2) he requested a non-driving position, and (3) whether a proposed accommodation is reasonable is a factual question inappropriate for resolution at the pleading stage. Doc. 19 at 3.

To bring a failure-to-accommodate claim under the ADA, a plaintiff must allege that he is a qualified individual with a disability. *See Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021). To establish that he is qualified, a plaintiff must show either (1) that "he could perform the essential functions of the job in spite of his disability, or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *Id.*

Here, plaintiff's pleaded facts do not suggest that he was qualified despite his disability or that a reasonable accommodation would allow him to perform essential job functions. Rather, plaintiff relies on vague assertions that he was qualified and that defendant failed to accommodate his request for a non-driving position. Furthermore, while the reasonableness of an accommodation request may be a fact question, plaintiff has not alleged that there were any non-driving positions available for plaintiff to perform. As such, plaintiff's objections lack merit and are overruled. The court accepts the magistrate judge's findings with respect to the failure-to-accommodate claim.

### C. FMLA interference and retaliation claims

The magistrate judge found that plaintiff had no claim for FMLA interference because placing an employee on involuntary FMLA leave does not constitute interference. Doc. 17 at 9. Plaintiff objects to this finding. This objection lacks merit as the Fifth Circuit has expressly held that "it is not contrary to the FMLA for an employee to be placed on involuntary FMLA leave." *Willis v. Coca Cola Enters.*, 445 F.3d 413, 417 (5th Cir. 2006) (cleaned up).

As to retaliation, plaintiff contends that defendant unilaterally placed him on FMLA leave, failed to communicate, required him to return company property, denied PTO payout, and terminated him prior to the exhaustion of his FMLA leave. Docs. 6 at 6, 19 at 3–4. Plaintiff further objects that the temporal proximity between the FMLA designation and termination supports a causal connection for retaliation. Doc. 19 at 4.

However, plaintiff does not allege that he sought protection under the FMLA, as required for a retaliation claim. *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 390 (5th Cir. 2013). Because plaintiff was involuntarily placed on FMLA leave, he cannot plausibly claim that defendant retaliated against him for taking such leave. Rather, plaintiff's real claim appears to be that defendant fired him due to the injury he sustained. That claim is rooted in

the ADA, not the FMLA. As such, the court accepts the magistrate judge's findings as to the FMLA claims.

### D. Worker's compensation retaliation claim

The magistrate judge declined to address plaintiff's state-law claim because the report recommended dismissal and amendment as to the federal claims. Plaintiff objects that the court can retain supplemental jurisdiction over his state claims so long as any federal claim remains plausible. Doc. 19 at 4. Because the court is granting plaintiff leave to amend, it declines to address plaintiff's state-law claim at this stage.

## IV. Conclusion

Having reviewed the report de novo, the court finds no error. As such, the court accepts the report's findings and recommendations and grants defendant's motion to dismiss (Doc. 12). Plaintiff is granted leave to file a second amended complaint that addresses the deficiencies identified in this order and in the magistrate judge's report (Doc. 17).

*So ordered by the court on December 16, 2025.*

J. CAMPBELL BARKER
United States District Judge