**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **MICHAEL WILCOX** | § | |
| | § | |
| | § | **CIVIL NO. 6:25-cv-00299** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **W.K.S. FROSTY CORPORATION** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
THIRD MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Michael Wilcox (hereinafter "Plaintiff" or "Wilcox") files this Response to Defendant W.K.S. Frosty Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint, and would respectfully show the Court as follows:

**INTRODUCTION**

Defendant (hereinafter "Defendant" or "WKS") has now filed a *third* Motion to Dismiss Plaintiff's complaint based upon three arguments. WKS contends that the complaint does not allege facts sufficient to state a plausible claim for disability discrimination against it despite the fact that Plaintiff has filed a fact-specific complaint identifying WKS as the party that discriminated against him. WKS also alleges that Plaintiff has not sufficiently alleged facts to support his FMLA interference claim. Finally, WKS also claims that Plaintiff's complaint insufficiently alleges a violation of Texas Labor Code §451. The plaintiff would show the motion is not well-taken and should be denied and the Court should consider an award of attorney's fees incurred by reason of the harassing and unmeritorious nature of the motion.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD MOTION TO DISMISS – PAGE 1**

## LEGAL STANDARD

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009) (citing *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir.2005)); *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997) (citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982)). See also: *Altman v. Key Energy Servs., LLC*, No. 2:11-CV-00495-JRG, 2012 WL 4033336, at *2 (E.D. Tex. Sept. 2012).

On motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must be construed in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*.

A claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." *Muhammad v. Dallas Cnty. Comm. 'n. Supervision and Corr. Dept.,* 479 F.3d 377, 379 (5th Cir.2007) (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). See also: *Altman v. Key Energy Servs*., LLC, *supra*, at *1. As a practical matter, a 12(b)(6) dismissal should only be granted where the plaintiff pleads himself out of court on the face of the complaint. Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1357 at 344. It must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Griffith v. Kroger Co*., No. 9:05-CV-76-TH, 2008 WL 11347989, at *2 (E.D. Tex. 2008) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## ARGUMENTS AND AUTHORITIES

Defendant has now whittled down its complaints regarding Wilcox's well pleaded complaint to allege that there are no set of facts under the allegations of the Second Amended Complaint that the Court can conclude that Wilcox was qualified for the position. Defendant's motion completely disregards the fact that Wilcox also alleges that Defendant regarded him as being disabled. Even if the Court agrees with Defendant regarding the actual disability argument, it cannot dismiss the case in its entirety as requested by the Defendant.[1] Plaintiff responds to the motion as follows.

### A.      Plaintiff Adequately Pleads He Was a Qualified Individual Under the ADA

Defendant argues Plaintiff cannot be qualified because driving was an essential function and Plaintiff had a 30-minute driving restriction. Defendant's argument ignores the factual

---

[1] Apparently, Defendant has abandoned its argument from the last motion to dismiss that Wilcox failed to allege a 'regarded as' being disabled cause of action. Defendant has also abandoned any argument that Wilcox has failed to allege a plausible FMLA interference claim.

allegations in the Second Amended Complaint:

### 1.   The Second Amended Complaint Specifically Alleges Driving Was Not Constant or Inflexible

In his Second Amended Complaint, Wilcox pleads:

a.   The position did not require constant lifting or floor-level work (Doc. 23 - ¶ 14);

b.   Heavy tasks were routinely assigned to teams (Doc. 23 - ¶ 14);

c.   Accommodations such as temporary reassignment of prolonged driving were feasible and consistent with WKS practices (Doc. 23 - ¶¶ 28–29).

At the pleading stage, Plaintiff's allegation that prolonged driving could be temporarily reassigned must be accepted as true. Whether "driving between locations" means unlimited driving is a factual question inappropriate for dismissal on the pleadings.

### 2.   Wilcox Does Not Seek Elimination of an Essential Function

Defendant mischaracterizes Plaintiff's request as elimination of driving. Plaintiff instead pleads:

a.   Temporary reassignment of prolonged driving (Doc. 23 - ¶ 28);

b.   Placement in non-driving or limited-driving roles (Doc. 23 - ¶ 30);

c.   Open non-driving positions existed (Doc. 23 - ¶ 27).

Temporary reassignment and transfer to vacant positions are recognized reasonable accommodations under the ADA. Whether those accommodations were reasonable is a factual issue for discovery.

### 3.   Team Assistance Does Not Equal Elimination of Essential Functions

Plaintiff pleads WKS already used team-based assignments for heavy or floor-level tasks (Doc. 23 - ¶¶ 14, 28–29). Thus, Plaintiff is not asking the Court to create a new job or remove duties. Wilcox alleges WKS could continue existing practices on a temporary basis, which plausibly alleges that he might be entitled to a reasonable accommodation.

---

### B.   Plaintiff Adequately Pleads an Adverse Employment Action[2]

Defendant argues Plaintiff failed to adequately plead termination. However, the Second Amended Complaint alleges:

a. July 25, 2024: Plaintiff required to return company van and credit cards (Doc. 23 - ¶ 36);

b. Unilateral placement on FMLA (Doc. 23 - ¶ 37);

c. Removal from active employment without reinstatement (Doc. 23 - ¶ 38).

Taking away the company vehicle and credit cards from a facilities technician, whose job requires travel plausibly constitutes either constructive discharge, a termination in fact, or at the very least, an adverse employment action. Whether this action on the part of the Defendant constitutes an adverse employment action is a fact issue—not a pleading deficiency.

### C.   The Allegations in the Second Amended Complaint Are Not "Inconsistent"

Defendant claims inconsistency because:

a. Plaintiff alleges workload increased (Doc. 23 - ¶ 33),

b. And alleges one assignment was withdrawn (Doc. 23 - ¶ 21).

These allegations are not contradictory.

The Second Amended Complaint alleges:

a. After injury, workload increased overall (Doc. 23 - ¶ 33);

b. On one occasion, after Plaintiff requested help, one work order was withdrawn (Doc. 23 - ¶ 21).

The allegations are entirely consistent: retaliatory conduct can include both increased burdens and

---

[2] The Fifth Circuit has made it clear that termination is not the only basis for an adverse employment action in a discrimination case. See: *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502–03 (5th Cir. 2023)("to plead an adverse employment action, a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the "terms, conditions, or privileges" of his or *503 her employment.")

selective withdrawal of tasks to pressure resignation. There is no factual inconsistency which warrants dismissal.

> ### D.    Wilcox Plausibly Alleges a Failure-to-Accommodate Claim

Under the ADA, "'qualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *Giles v. Gen. Elec. Co.,* 245 F.3d 474, 486 (5th Cir. 2001).

A disabled individual only qualifies for the ADA's protection "if either with or without a reasonable accommodation, he or she can perform the essential functions of the job," *Santiago Vera v. Williams Hospitality Grp.*, 73 F.Supp.2d 161, 166 (D.P.R.1999) (construing 42 U.S.C. § 12111(8) (defining a "qualified individual" as one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires")—has been expounded in case law construing the ADA and its implementing regulations, see, e.g., *Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 194–96, 122 S.Ct. 681, 689–90, 151 L.Ed.2d 615 (2002) (citing to the EEOC's regulations but observing that "no agency has been given authority to issue regulations interpreting the term 'disability' in the ADA"); *EEOC v. Res. for Human Dev., Inc*., 827 F.Supp.2d 688, 694 n. 5 (E.D.La.2011) ("The ADA's implementing regulations are entitled to deference under Chevron ...."); *Francis v. City of Meriden*, 129 F.3d 281, 283 n. 1 (2d Cir.1997) (explaining that courts tend to "accord great deference to the EEOC's interpretation of the ADA, since it is charged with administrating the statute"), superseded by ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008), as recognized in *Guadalupe v. City of Los Angeles*, No. CV 08–2194–AHM (JEMX), 2010 WL 140389, at *3 n. 3 (C.D.Cal. Jan. 11, 2010). Intentionally written broadly, these administrative

sources "list[ ] three nonexclusive reasons why a job function may be considered essential: (1) the position exists for the purpose of performing the function; (2) there are a limited number of employees among whom responsibility for the function can be distributed; and/or (3) the function is highly specialized and the incumbent was hired for his or her expertise or ability to perform it." 29 C.F.R. § 1630.2(n)(2); *Kvorjak v. Maine*, 259 F.3d 48, 55 (1st Cir.2001) (defining an essential function as "a fundamental job duty of the position at issue," potentially "encompass[ing] individual or idiosyncratic characteristics of the job"). To wit, the function which apparently cannot be performed must "bear more than a marginal relationship to the job at issue." *Chandler v. City of Dallas*, 2 F.3d 1385, 1393 (5th Cir.1993). See also: *Ariza v. Loomis Armored US, LLC*, 132 F. Supp. 3d 775, 787–88 (M.D. La. 2015).

Under the backdrop of the applicable ADA regulations, Plaintiff alleges he was able to perform the essential functions of the positions he was assigned by WKS. None of the cases cited by WKS authorize dismissal of a complaint due to deficient allegations regarding whether the individual was a qualified individual able to perform the essential functions of the positions *with or without accommodation.*

In order for the Court to dismiss the failure-to-accommodate claim, it would need to conclude that there is no reasonable inference that Wilcox was able to perform the essential functions of his job with WKS with or without accommodation. Obviously, the issue of which duties are essential remains to be determined through the discovery process.

Moreover, the Second Amended Complaint alleges:

a.  Plaintiff requested assistance and alternative placement (Doc. 23 - ¶¶ 21, 27, 30);

b.  WKS did not engage in a good-faith interactive process (Doc. 23 - ¶ 31);

c.  WKS never contacted him about return to work in any position (Doc. 23 - ¶ 27).

Whether WKS reasonably assessed accommodations is fact-dependent and the Court is without

any basis to conclude that the employer even went through the required interactive process under the ADA. Defendant's argument that driving cannot be modified assumes facts not established at this stage and Wilcox alleges that the driving requirements could be modified either by temporary assistance or by reassigning him to another available position with the company.

These facts as alleged by Wilcox easily meet the pleading standard under *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009). The reasonableness of any proposed accommodation is a merits question not resolved on the pleadings.

### E.     Wilcox's FMLA Retaliation Claim Is Plausible

Plaintiff alleged protected FMLA activity, an adverse employment action (termination), and a causal link shown by temporal proximity—termination immediately following his FMLA designation—and statements by HR that his restrictions could not be accommodated. The Fifth Circuit recognizes temporal proximity alone as sufficient to plead causation. *Garcia v. Pro. Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019). Both the Fifth Circuit (in *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023)) and the United States Supreme Court (in *Muldrow v. City of St. Louis*, 601 U.S. 346, 144 S. Ct. 967, 218 L. Ed. 2d 322 (2024)) have made it abundantly clear that an employee may establish that an action taken by an employer may be an 'adverse employment action' absent a finding of material harm. Wilcox's pleadings easily meet this standard.

The only argument advanced by Defendant in the *third* motion to dismiss is a regurgitation of the same allegation that Wilcox has not sufficiently alleged that he was terminated, which has been dealt with in the response above. There is no reasonable basis for the Court to dismiss the case for lack of specificity in Wilcox's allegations that he was terminated.

### F.     Plaintiff's Workers' Compensation Retaliation Is Plausible

The purpose of the Texas workers' compensation anti-retaliation statute is to protect persons who are entitled to benefits under the workers' compensation statute and to prevent them from being discharged for having taken steps to collect such benefits. See *Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex.1980). This was true under TEX.REV.CIV. STAT. ANN. art. 8307c (repealed) (codified without substantive changes at TEX. LAB.CODE ANN. § 451.001-.003) and remains so under the current statute, which reads as follows:

A person may not discharge or in any other manner discriminate against an employee because the employee has:

> (1) filed a workers compensation claim in good faith;
> (2) hired a lawyer to represent the employee in a claim;
> (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; (footnote omitted) or
> (4) testified or is about to testify in a proceeding under Subtitle A.

There is no question that Wilcox has alleged that he engaged in protected activity under Section 451, an employee institutes or causes to be instituted a proceeding under the Texas Workers' Compensation Act when he filed a claim for workers compensation benefits on account of his on-the-job injury. See: *Salas v. Fluor Daniel Servs. Corp.*, 616 S.W.3d 137, 148 (Tex. App. 2020). The sole issue for the Court is whether there is any factual allegation that Wilcox's protected conduct in filing claims for workers compensation benefits was a factor in his termination. If so, Defendant's motion must be denied.

Defendant makes no argument that there is a lack of factual allegation of a causal connection between the workers' compensation claim and the decision to terminate, so this element is conceded.

Defendant continues its argument that Wilcox has not adequately alleged that he was

---

terminated, which has been dealt with above.

Defendant also continues its argument that Wilcox cannot perform the essential functions of his job, which is not an element of the Texas Labor Code Sec. 451 cause of action. Defendant cites a case talking about whether an employer is permitted to terminate an employee who can no longer perform the essential functions of the job, which is completely in dispute under the allegations in the amended complaint.

Because of Wilcox's fulsome allegations regarding the relationship between his claim for workers compensation benefits and his termination, the motion fails.

## CONCLUSION

Despite the fact that Defendant has conceded several arguments regarding the plausibility of Wilcox's factual allegations in his Second Amended Complaint, it persists in asking the Court to dismiss the complaint in its entirety. This argument is baseless on its face and violates the letter and spirit of FRCP 11. The Court should consider awarding Wilcox his reasonable and necessary attorney's fees incurred by his counsel in having to respond to his latest ill-conceived attempt to have this case dismissed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Wilcox urges the Court to deny Defendant's Motion to Dismiss and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rules of Civil Procedure on this 23rd day of February, 2026.

*/s/ William S. Hommel, Jr.*
William S. Hommel, Jr.